960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sherman ODOM, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 91-3086.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 15, 1992.
April 21, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Sherman Odom, a Missouri pharmacist, pleaded guilty to two counts of receipt and delivery of adulterated and misbranded drugs in violation of 21 U.S.C. § 331(c) (1988). In exchange for Odom's guilty plea, the Government dropped twelve other counts against him. The district court sentenced Odom to probation and community work, and fined him $50,000. Odom served his sentence and paid his fine. After the Missouri Pharmacy Board began proceedings to revoke Odom's professional pharmacist license, Odom filed this petition for a writ of error coram nobis under 28 U.S.C. § 1651 contending the indictment did not assert violations of any law. Finding the indictment sufficiently asserted violations of 21 U.S.C. § 331(c), the district court denied Odom's petition. Odom appeals and we affirm.
 
 
 2
 Under 28 U.S.C. § 1651, federal courts have authority to grant relief to a petitioner who suffers lingering civil disabilities resulting from a wrongful conviction. See United States v. Kerner, 895 F.2d 1159, 1163 (7th Cir. 1990); Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). Odom asserts his conviction is wrongful because the language of the indictment fails to assert a violation of section 331(c).
 
 
 3
 Section 331(c) prohibits "[t]he receipt in interstate commerce of any ... drug ... that is adulterated or misbranded, and the delivery or proffered delivery [of the drug] for pay or otherwise." The indictment charged:
 
 
 4
 Odom ... caused the receipt in interstate commerce ... of adulterated and misbranded drugs, ... and delivered [those] drugs for pay, that is, [Odom] sent various drugs, which had been removed from their original packaging and labeling under less than good manufacturing practice, placed loose in plastic baggies and other unauthorized containers without accurate and verifiable lot numbers, expiration dates, and other required data, to Wayne Prewett [at Prewett's pharmacy in] West Plains, Missouri....
 
 
 5
 The indictment also charged that the "drugs had been manufactured outside ... Missouri, and delivered to Wayne Prewett for pay, before being finally dispensed to consumers." The indictment stated these acts violated 21 U.S.C. § 331(c). Odom contends the indictment is insufficient because it fails to assert "[he] received in interstate commerce adulterated or misbranded drugs."
 
 
 6
 "An indictment is sufficient if it fairly informs the accused of the charges ... and allows [the accused] to plead double jeopardy as a bar to future prosecution." United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir.), cert. denied, 488 U.S. 849 (1988). When a defendant first challenges an indictment after pleading guilty, we liberally construe the indictment in favor of sufficiency. Id. Absent prejudice, we reverse only when the indictment cannot reasonably be construed to charge a crime. Id.
 
 
 7
 We agree with the district court that the indictment sufficiently states a violation of section 331(c). Although it is not a model of clarity, the indictment loosely tracks the language of the statute. Liberally construing the indictment in favor of sufficiency, we believe the indictment can reasonably be read as asserting Odom received in interstate commerce adulterated and misbranded drugs. In addition, when Odom pleaded guilty, he told the judge he understood the charges against him. In our view, the indictment fairly informed Odom of the charges against him and is specific enough to preclude future prosecution for his conduct. Accordingly, the district court properly denied Odom a writ of error coram nobis.
 
 
 8
 We affirm.